980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Celia GALLEGOS, Plaintiff-Appellant,
v.
F.W. WOOLWORTH CO., Defendant-Appellee.
 No. 91-16833.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 2, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Celia Gallegos appeals pro se the district court's dismissal of her age discrimination action against F.W. Woolworth Company pursuant to Fed.R.Civ.P. 37(d) for Gallegos' willful failure to attend properly noticed depositions. Gallegos contends that because she had valid reasons for missing her depositions, she did not willfully fail to appear. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review sanctions imposed under Rule 37 for abuse of discretion. Refac Int'l, Ltd. v. Hitachi, Ltd., 921 F.2d 1247, 1254 (9th Cir.1990). The district court may dismiss an action if a party fails to attend her own properly noticed deposition. See Fed.R.Civ.P. 37(d). Dismissal is an appropriate sanction if the absent party has evinced "willfulness, bad faith, or fault." Refac, 921 F.2d at 1254. Before the district court dismisses an action, however, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990).
 
 
 4
 Here, Gallegos failed to attend any one of three scheduled depositions, obstructing defendant's attempts to conduct timely discovery.[1] On May 10, 1991, the district court ordered the parties to complete all discovery by June 28, 1991. Following that conference, Gallegos informed counsel for defendant that she would be available for depositions on May 29th and 30th, 1991. On May 24, 1991, defendant's counsel served Gallegos with a notice that her deposition was scheduled for May 29, 1991, at their San Francisco offices, on the 31st floor. Gallegos declined to respond to repeated attempts by defendant to confirm this date. On May 28, 1991, defendant received a letter from Gallegos' physician stating that Gallegos would be unable to attend the deposition scheduled for May 29 because Gallegos suffers from claustrophobia and a fear of heights. Defendant then rescheduled the deposition for May 30, 1991, at defense counsel's Palo Alto headquarters so that Gallegos could give her deposition on the first floor. Defendant hand-delivered notice of the rescheduled deposition to Gallegos on the morning of May 29, 1991. Gallegos declined to answer either defense counsel's repeated telephone calls or a hand-delivered letter attempting to confirm the rescheduled deposition date. Gallegos did not appear for her deposition on May 30, 1991. Defendant then re-scheduled the deposition for June 10, 1991. Again, Gallegos refused to respond to messages confirming the new deposition time. She also failed to attend that deposition. Defense counsel and a court reporter were present for each of the scheduled depositions.
 
 
 5
 At a hearing before the district court, Gallegos explained her absence at the May 30th deposition by asserting that, although she had received the notice rescheduling the deposition, it did not state the time of the deposition. The district court determined at that hearing, however, that the notice, which Gallegos produced, did in fact state the time at which the deposition was to be taken. Gallegos excused her absence from the deposition scheduled for June 10, 1991 by claiming she never received notice of that deposition.
 
 
 6
 Based on the above circumstances, the district court determined that Gallegos' failure to attend any of three scheduled depositions demonstrated willful behavior on her part and, therefore, warranted dismissal. See Refac, 921 F.2d at 1254. The district court then weighed each of the requisite factors and concluded that dismissal was an appropriate sanction. See Wanderer, 910 F.2d at 657. Given these circumstances, the district court did not abuse its discretion by dismissing Gallegos' action. See Refac, 921 F.2d at 1254. Accordingly, we affirm the judgment of the district court.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gallegos first filed this suit in 1987. She did not serve the complaint until September of 1989. By October, 1990, the parties had reached a settlement agreement. Gallegos later repudiated the settlement and refused to sign the agreement. Gallegos' counsel subsequently withdrew as her counsel